Not Intended For Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JENNIE RENEE HARRIS**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WAL-MART STORES, INC.**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Third-Party Plaintiff Wal-Mart Stores, Inc.; Christen W. Burkholder, Bristol, Virginia, and Steven C. Rose, West & Rose, Kingsport, Tennessee, for Third-Party Defendant Childress, Inc.*

In this diversity action, the third-party defendant, Childress, Inc., has moved to dismiss that portion of the Third-Party Complaint that seeks attorneys' fees.[1]

In the primary action, the plaintiff claims to have been injured when she slipped on ice in a parking lot owned by the defendant Wal-Mart Stores, Inc. In its Third-Party Complaint, Wal-Mart contends that it had contracted with Childress for removal of snow and ice from the parking lot and seeks recovery from Childress on the

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

theories of indemnity and contribution of any amounts for which Wal-Mart may be held liable to the plaintiff. Wal-Mart also seeks recovery of "attorney's fees resulting from [the plaintiff's] claims." (Third-Party Compl. ¶ 5(b).)

In support of its Motion to Dismiss, Childress simply contends that Wal-Mart has failed to expressly allege that it has a right by contract or under statute to recover attorneys' fees.

The Motion to Dismiss must be denied. In theory at least, Wal-Mart may be entitled to reimbursement of its litigation expense with the plaintiff incurred as a result of any breach of Childress' obligation to perform its contract with Wal-Mart. *See S. Ry. Co. v. Arlen Realty & Dev. Corp.*, 257 S.E.2d 841, 844-45 (Va. 1979) (holding that indemnitee may recover reasonable attorney's fees and expenses of litigation spent in defense of the claim indemnified against). Under the liberal federal pleading rules, it is not necessary to set forth any particular legal theory; rather, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe a complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

For the foregoing reasons, the Motion to Dismiss is DENIED.

ENTER: June 7, 2005

/s/ JAMES P. JONES
Chief United States District Judge